`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:17-CR-64 |
| | ) | |
| COREY BRENT BUCKNER | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's pro se motion to reduce sentence or release to home confinement pursuant to the First Step Act/CARES Act [Doc. 41]. Defendant pleaded guilty to escape from custody, in violation of 18 U.S.C. §§ 751(a) and 4082. On June 4, 2018, he was sentenced to 27 months imprisonment followed by three years of supervised release. Defendant served his sentence and commenced supervised release on September 12, 2019. A petition for revocation of supervised release was filed on January 30, 2020 [Doc. 32]. Defendant and the government entered an Agreed Order of Revocation whereby defendant was sentenced to 21 months imprisonment followed by no further term of supervised release [Doc. 39]. Defendant has approximately 12 months remaining on his sentence.

Defendant is currently incarcerated in the Blount County jail awaiting transport to a Bureau of Prisons facility. He fears contracting COVID-19 and requests the Court to either reduce his sentence to time served, or to place him on home detention.

A district court may only amend a final judgment when Congress has given it authority to do so by statute. *United States v. Thompson,* 714 F.3d 946, 948 (6th Cir. 2013). Courts are receiving release requests under two distinct statutory "mechanisms" during the current pandemic – the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A).

First, Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. *See id; accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." The Application Notes to Guideline § 1B1.13 provide that a court may find extraordinary and compelling reasons exist for compassionate release if defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. USSG § § 1B1.13, cmt. n. 1. The Court may also consider whether defendant is (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical or mental health because of the aging process that substantially

2

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *Id.*

Here, defendant has not shown that he meets any of the criteria for compassionate release. Defendant is not suffering from a terminal illness. Nor is defendant suffering from a serious functional or cognitive impairment. Finally, defendant has not shown that he suffers from a medical condition that substantially diminishes his ability to provide self-care in the correctional facility.

While the Court sympathizes with defendant's concerns, a generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of "extraordinary and compelling reasons" that justify compassionate release. *United States v. Shah,* 2020 WL 1834930 at *2 (E.D.Mich. Apr. 22, 2020) (Speculation as to whether COVID-19 will spread through defendant's detention facility, whether defendant will contract COVID-19, and whether he will develop serious complications do not justify the extreme remedy of compassionate release). Accordingly, defendant's motion for compassionate release under § 3582(c)(1)(A) [Doc. 41] is **DENIED.**

The Clerk is directed to send a copy of this Memorandum and Order to Corey Buckner, 920 E. Lamar Alexander Parkway, Maryville, Tennessee 37804.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**